J-A12019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I TRUST 2004-HE6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-HE6 | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | No. 2677 EDA 2017 |
| KENT M. OZMAN A/K/A KENT OZMAN | : : | |
| Appellant | : | |

Appeal from the Order Entered July 21, 2017
In the Court of Common Pleas of Northampton County
Civil Division at No(s):  C-48-CV-2014-7396

BEFORE:  BOWES, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 22, 2018**

Kent M. Ozman a/k/a Kent Ozman appeals from the order entered on July 21, 2017, in the Court of Common Pleas of Northampton County.  The court granted Deutsche Bank National Trust Company, as Trustee in Trust for the Registered Holders of Morgan Stanley ABS Capital I Trust 2004-HE6, Mortgage Pass-Through Certificates, Series-HE6's ("Deutsche Bank's") motion for summary judgment against Ozman in a mortgage foreclosure action.  On appeal, Ozman argues summary judgment was improper due to the presence of genuine issues of material fact.  Based upon the following, we affirm.

The trial court set out the relevant facts and procedural history as follows:

[Deutsche Bank] filed a Complaint in Mortgage Foreclosure ("Complaint") against [Ozman] on August 2, 2014. [Deutsche Bank] averred, *inter alia*, that [Ozman] defaulted on the mortgage assigned to [Deutsche Bank] after failing to make scheduled monthly payments due on August 1, 2012, and each month thereafter. Compl. ¶ 6, 8. [Deutsche Bank] seeks an *in rem* judgment against [Ozman] in the amount of $379,790.16 together with interest, late charges, fees, and other charges collectable under the mortgage, including attorney fees and costs. [Ozman] filed his Answer with New Matter to [Deutsche Bank's] Complaint in Mortgage Foreclosure ("Answer with New Matter") on May 29, 2015. [Deutsche Bank's] Reply to [Ozman's] New Matter was filed on August 3, 2015.

On December 29, 2016, [Deutsche Bank] filed its Motion for Summary Judgment (the "Motion"), Memorandum of Law in Support of Summary Judgment, and Affidavit in Support of Summary Judgment. On January 24, 2017, [Ozman] filed his Response to the [Deutsche Bank's] Motion for Summary Judgment in Mortgage Foreclosure and Brief of [Ozman] in Opposition to the Motion for Summary Judgment Filed on Behalf of the [Deutsche Bank].

Trial Court Opinion, 7/21/2017, at 2. On July 21, 2017, the court granted Deutsche Bank's motion for summary judgment. Ozman filed this timely appeal and submitted a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

On appeal, Ozman contends the trial court erred in granting Deutsche Bank's motion for summary judgment.[1] **See** Ozman's Brief at 10. He argues

---

[1] In Ozman's statement of questions involved, he lists three issues for review. **See** Ozman's Brief at 4. However, a review of his argument reveals he has combined those claims into one issue. **See id.** at 10-23.

summary judgment was improper because the trial court ignored the presence of genuine issues of material fact. *See id.* at 15-18 (*i.e.*, "[Ozman's] answers to the Complaint, with the New Matter asserted made it clear that there are disputes of fact which negate the Bank's ability to satisfy all elements of its legal action."). He also contends discovery should have been conducted, as it would have produced documents "regarding the propriety of the loan from its very inception, through [Deutsche Bank's] ability to sue [Ozman] thereunder." *Id.* at 19.

> Our standard of review is well-settled:
>
> We review an order granting summary judgment for an abuse of discretion. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. A party bearing the burden of proof at trial is entitled to summary judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report. In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact.

*Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014) (citations omitted). Furthermore, we are guided by the following:

> [t]he holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

*Id.* at 464-465 (citation omitted). "This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings."

***Cunningham v. McWilliams***, 714 A.2d 1054, 1057 (Pa. Super. 1998), *appeal denied*, 734 A.2d 861 (Pa. 1999).

The trial court, in its Rule 1925(a) opinion adopting the reasoning from its order granting summary judgment, provided a thorough and well-reasoned discussion of Ozman's arguments on appeal. **See** Trial Court Opinion, 7/21/2017, at 2-7 (finding (1) Ozman never raised preliminary objections to contest Deutsche Bank's ability to sue; (2) Ozman's argument that discovery was necessary is "unsympathetic," as he had not requested discovery in the year and a half since pleadings had closed;[2] (3) Ozman's general denials to Deutsche Bank's accusations in his pleadings had the effect of admissions;[3] (4) summary judgment is proper where "the mortgagor admits that the mortgage is in default and fails to sustain a cognizable defense to the claim;"[4] (5) Ozman effectively admitted the mortgage was in default and did not present a valid defense; and (6) the numerous exhibits attached to Deutsche

---

[2] **See** Trial Court Opinion, 7/21/2017, at 5, *citing* **First Wisconsin Trust Co. v. Strausser**, 653 A.2d 688, 695 (Pa. Super. 1995) (holding defendant's argument that the lack of discovery bars summary judgment is "unsympathetic," as defendant did not request discovery in the two years since the Answer was filed).

[3] **See id.** at 6, *citing* Pa.R.C.P. 1029(d) ("A general denial or a demand for proof ... shall have the effect of an admission.").

[4] **Id.** at 3, *citing* **Gateway Towers Condo Ass'n v. Krohn**, 845 A.2d 855, 858 (Pa. Super. 2004).

Bank's motion adequately support the conclusion that Ozman's mortgage was in default).

Our review of the record reveals ample support for the trial court's conclusions. Accordingly, we adopt the reasoning of the trial court and affirm its order in favor of Deutsche Bank.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/18

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY
COMMONWEALTH OF PENNSYLVANIA
CIVIL DIVISION**

DEUTSCHE BANK NATIONAL TRUST : NO: C-48-CV-2014-7396
COMPANY, AS TRUSTEE, IN TRUST :
FOR THE REGISTERED HOLDERS :
OF MORGAN STANLEY ABS :
CAPITAL I TRUST 2004-HE6, :
MORTGAGE PASS-THROUGH :
CERTIFICATES, SERIES 2004-HE6, :

           **Plaintiff** :

    **v.** :

KENT M. OZMAN a/k/a KENT :
OZMAN, :

        **Defendants.** :

## ORDER OF COURT

**AND NOW**, this $\underline{21^{st}}$ day of July, 2017, upon consideration of

Plaintiff's, Deutsche Bank National Trust Company, as Trustee, in trust for the

registered holders of Morgan Stanley ABS Capital I Trust 2004-HE6, Mortgage

Pass-Through Certificates, Series 2004-HE6 ("Plaintiff"), Motion for Summary

Judgment, Memorandum of Law in Support of Summary Judgment, and

Affidavit in Support of Summary Judgment, and Defendant's, Kent M. Ozman

a/k/a Kent Ozman ("Defendant"), Response to the Plaintiff's Motion for

Summary Judgment in Mortgage Foreclosure and Brief of Defendant, Kent M.

Ozman, in Opposition to the Motion for Summary Judgment Filed on Behalf of

the Plaintiff, it is hereby **ORDERED** that Plaintiff's Motion for Summary

Judgment is **GRANTED**.

## STATEMENT OF REASONS

### I. Factual Background and Procedural History

Plaintiff filed a Complaint in Mortgage Foreclosure ("Complaint") against Defendant on August 4, 2014. Plaintiff averred, *inter alia*, that Defendants defaulted on a mortgage assigned to Plaintiff after failing to make scheduled monthly payments due on August 1, 2012, and each month thereafter. Compl. ¶¶ 6, 8. Plaintiff seeks an *in rem* judgment against Defendants in the amount of $379,790.16 together with interest, late charges, fees, and other charges collectable under the mortgage, including attorney fees and costs. Defendant filed his Answer with New Matter to Plaintiff's Complaint in Mortgage Foreclosure ("Answer with New Matter") on May 29, 2015. Plaintiff's Reply to Defendant's New Matter was filed on August 3, 2015.

On December 29, 2016, Plaintiff filed its Motion for Summary Judgment (the "Motion"), Memorandum of Law in Support of Summary Judgment, and Affidavit in Support of Summary Judgment. On January 24, 2017, Defendant filed his Response to the Plaintiff's Motion for Summary Judgment in Mortgage Foreclosure and Brief of Defendant, Kent M. Ozman, in Opposition to the Motion for Summary Judgment Filed on Behalf of the Plaintiff. The matter was placed on the April 25, 2017, Argument List and was submitted on brief.

### II. Legal Standard

After the relevant pleadings are closed, but within such time as to not unreasonably delay trial, any party may move for summary judgment.

2

Pa.R.C.P. 1035.2(1). Summary judgment, in whole or in part, is proper "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." Pa.R.C.P. 1035.2(1). The moving party bears the burden of proving that no genuine issues of material fact exist. Burger v. Owens Illinois, Inc., 966 A.2d 611, 614 (Pa. Super. 2009). Moreover, the record is viewed in the light most favorable to the non-movant. New York Guardian Mortgage Corp. v. Dietzel, 524 A.2d 951, 952 (Pa. Super. 1987). Thus, summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. Burger, 966 A.2d at 614.

Summary judgment is proper in an *in rem* mortgage foreclosure action where the mortgagor admits that the mortgage is in default *and* fails to sustain a cognizable defense to the claim. Gateway Towers Condo. Ass'n v. Krohn, 845 A.2d 855, 858 (Pa. Super. 2004) (emphasis added). In an action for a mortgage foreclosure, entry of summary judgment is proper if the mortgagors admit that the mortgage is in default; that they have failed to pay interest on the obligation; and that the recorded mortgage is in the specified amount. Cunningham v. McWilliams, 714 A.2d 1054, 1057 (Pa. Super. 1998) citing Landau v. W. Pennsylvania Nat. Bank, 282 A.2d 335, 340 (Pa. 1971).

3

Summary judgment is proper "even if the mortgagors have not admitted the total amount of the indebtedness in the pleadings." Cunningham, 714 A.2d at 1057.

## III.  Discussion

Plaintiff asserts that there is no genuine issue of material fact. Plaintiff further argues that Defendant's Answer with New Matter admits or generally denies the elements essential to its cause of action and fails to raise a cognizable defense or state a claim upon which relief can be granted. Defendant asserts that "no discovery has been commenced," thereby deeming summary judgment procedurally improper. Id. at 3. Alternatively, Defendant argues that his Answer with New Matter does not effectively admit all material facts but, rather, "make[s] it clear that there are disputes of fact which negate the Plaintiff's ability to satisfy all elements of its legal action." Br. Def. 6.

On the issue of discovery, Defendant maintains that "through discovery," he "would seek production of documents within the exclusive possession of [Plaintiff] . . . regarding the propriety of the loan from its very inception, through the present Plaintiff's ability to sue the Defendant thereunder." Br. Def. 9. We first note that Defendant never raised preliminary objections to contest Plaintiff's ability to sue Defendant and that the record is devoid any documentation to suggest, for example, that Plaintiff failed to entertain discovery requests. We further note that Plaintiff's Motion was filed on December 29, 2016, over a year and a half from the date Defendant filed

his Answer with New Matter. Moreover, Defendant has been represented by the same counsel since the filing of his Answer with New Matter. When faced with a set of procedural facts remarkably similar to the present case, our Superior Court responded that it was "unsympathetic," pointing to the fact that nearly two years had passed from the date the defendant filed his answer. First Wisconsin Trust Co. v. Strausser, 653 A.2d 688, 695 (Pa. Super. 1995). Our Superior Court reasoned that if the defendant "felt that discovery was so vital to his case, then he could have taken many different steps to effectuate that goal." Id. Likewise, we will not deny Plaintiff's Motion because Defendant now asserts that discovery has not been conducted.[1]

We turn to whether there remain any material facts remain. The key paragraph of the Complaint is Paragraph 8, which avers the essential elements required in a mortgage foreclosure action: that Defendant is in default because Defendant failed to make "payments of principal and interest due August 1, 2012, and monthly thereafter." Compl. ¶ 8. In his Answer with New Matter, Defendant's response to Paragraph 8 is as follows:

> The allegation that the Mortgage is in default is a conclusion of law to which no response is required on the part of the Defendant. The allegation is, therefore, denied and, if relevant, strict proof thereof is demanded at trial. Furthermore, for the reasons hereinafter set forth in Defendant's New Matter, the Mortgage is void and, thus, unenforceable against the Defendant.

---

[1] We also recognize that the Complaint contains many exhibits, including but not limited to a promissory note between Defendant and the original lender, a deed to the property at issue, and documentation of the assignment of the mortgage at issue to Plaintiff.

5

Answer ¶ 8. Reviewing a similarly styled response in an answer, our Superior Court reasoned, "Such denial is not specific because it fails to allege payments made under the Mortgage and not otherwise stated in the Complaint." Wells Fargo Bank, N.A. v. Costantino, No. 607 MDA 2016, 2017 WL 1165254, at *5 (Pa. Super. Ct. Mar. 28, 2017). It is well-settled that a general denial or demand for proof "shall have the effect of an admission." Pa.R.C.P. 1029(b). While the phrase "in default" is arguably a conclusion of law to which no responsive pleading is required, see Pa.R.C.P. 1029(d), the *substance* of Plaintiff's Paragraph 8 are the details to which Defendant offers no response: that Defendant failed to make "payments of principal and interest due August 1, 2012, and monthly thereafter." Accordingly, Defendant has effectively admitted that the mortgage in question was in default and that they have failed to pay interest on the obligation. Although Defendant's Answer with New Matter also purports to "specifically den[y] that the sums set forth [in the Complaint] . . . are accurate statements," this does not bar the entry of summary judgment. See Cunningham, 714 A.2d at 1057.

Finally, Defendant's insistence that "Plaintiff's Motion for Summary Judgment relies entirely on its own unsupported declarations" is inaccurate. Br. Def. 11. Attached to Plaintiff's Complaint are a number of documents, including a Note, mortgage agreement, and Corporate Assignment of Mortgage, and filed with Plaintiff's Motion is an Affidavit in Support of Motion for Summary Judgment, which is signed by Laura Lynn Dyson, who is

6

identified as Document Control Officer of Select Portfolio Servicing, Inc., acting as attorney-in-fact for Plaintiff. Moreover, as discussed above, Defendant has effectively admitted all material facts. Thus, we grant Plaintiff's Motion.

BY THE COURT:

SAMUEL P. MURRAY, J.